(No. 81-CC-234█ 

PUBLIC ELECTRIC CONSTRUCTION COMPANY, INC., Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed June 10, 1985.*

GOTTLIEB & SCHWARTZ (AUDREY HOLZER RUBIN, of counsel), for Claimant.

NEIL F. HARTIGAN, Attorney General (KATHLEEN O'BRIEN, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

This is a claim brought by Public Electric Construction Company, Inc., an Illinois corporation, against the State of Illinois, Capital Development Board, for damages alleged to have resulted from unreasonable construction delays in connection with electrical work

performed by Claimant for Respondent at the Gompers Elementary School, Chicago, Illinois, in 1979-80.

On January 18, 1979, Claimant entered into a contract with Respondent to perform electrical work at Gompers Elementary School for the sum of two hundred thirty one thousand three hundred twenty four ($231,324.00) dollars with the work to be completed on or before January 18, 1980. The work was actually completed on May 5, 1981.

Procedurally, this Court granted Claimant's motion for summary judgment as to liability only on November 8, 1983, and further barred Respondent from defending this case for failure to comply with discovery orders on February 2, 1984. On May 24, 1984, this case came to be heard before Commissioner John P. Simpson, solely on the issue of damages. The Respondent did not call witnesses, question Claimant's witnesses, introduce exhibits or argue the matter before the commissioner.

It is uncontroverted that there was a delay of 341 days due to the fault of the State of Illinois. The Claimant is seeking costs which were incurred over and above the contract price as a direct result of the State's delay.

Notwithstanding the fact that a summary judgment has been entered in favor of the Claimant as to liability, the Claimant still had the burden of proving its damages. These damages fell into three (3) basic categories: fixed expenses, additional labor costs, and additional material costs.

The evidence adduced at trial regarding Claimant's damages in the area of fixed expenses was speculative except that evidence regarding the telephone bill. Claimant introduced telephone bills for the period of

January 22, 1980, through March 21, 1981, totaling thirty two and 48/100 ($32.48) dollars.

In the area of labor, Claimant established that due to a new union contract, all of the hours paid after May 1, 1980, were paid at a rate which was $2.50 higher than the rate that covered the original period of the contract with the State of Illinois. Claimant had to pay 3,521 hours at this increased rate for damages totaling eight thousand eight hundred two and 50/100 ($8,802.50) dollars. With regard to materials, Claimant clearly proved that the cost of fixtures increased by four thousand six hundred twenty nine ($4,629.00) dollars and the cost of wire increased by three thousand six hundred eighty eight ($3,688.00) dollars due to the delay in the completion of this project.

Therefore, an award is hereby made to Public Electric Construction Company, Inc., in the sum of seventeen thousand one hundred fifty one and 98/100 ($17,151.98) dollars.